TEXAS & P. RY. CO. v. REEVES et ux. (No. 1849.)

(Court of Civil Appeals of Texas. Texarkana. March 18, 1918. Rehearing Denied March 21, 1918.)

RAILROADS ⚖️⚮222(2) — NUISANCE — ROUND-HOUSE—NEGLIGENCE.

Regardless of its negligence, a railway is liable for damages for depreciation in value of plaintiffs' homestead and for physical discomfort, etc., resulting from the location of a roundhouse within 800 feet of plaintiffs' home-

stead after it had begun to be used as such, since, if in the lawful conduct of its business a railway company does something which impairs the value of adjacent property by interfering with its normal use and enjoyment by the owner, it imposes a burden differing in no material respect from an appropriation of the property itself.

Appeal from District Court, Gregg County; John M. Tipps, Judge.

Suit by Elmer E. Reeves and wife against the Texas & Pacific Railway Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Young & Stinchomb, of Longview, and Geo. Thompson and R. S. Shapard, both of Dallas, for appellant. Lacy & Bramlette and Mc-Cord & Campbell, all of Longview, for appellees.

HODGES, J. The appellees, Reeves and wife, filed this suit against the appellant for the purpose of recovering $7,500 as damages for depreciation in the value of their homestead and for physical and mental discomfort and annoyance resulting from smoke, noise, and soot emanating from appellant's roundhouse located near the property. The record shows that the following facts were established upon the trial: The appellees were the owners of a house and lot, which they occupied as a residence, situated within 800 feet of the appellant's roundhouse. The roundhouse of the appellant was located at that point after the property had been acquired by them and its use as a homestead begun. The operation of the roundhouse and its appurtenances, including coal chutes, etc., produced smoke, soot, dust, unpleasant vapors, gases and noises, and the property of the appellees was injured by reason of those conditions. The value of their property before the construction of the roundhouse amounted to $1,750, and the depreciation resulting from the construction of the roundhouse amounted to $550; and the appellees had sustained damage resulting from the annoyance and inconvenience incident to the location of the roundhouse in the sum of $100. The jury also determined that those damages were not such as were suffered by the community in general. Upon those findings the court entered a judgment in favor of the appellees for $650.

It is contended by the appellant in the first assignment of error that ownership of the property was not proven. While the evidence upon that issue was not as clear as it might have been, we think it was sufficient in view of the fact that there was no conflicting evidence tending to prove that the appellees did not own the property. The questions of law presented are substantially the same as those involved in Texas & Pacific Ry. Co. v. Taylor, 200 S. W. 1117, recently decided by this court (opinion not yet officially publish-

ed). In that case Chief Justice Willson discussed at some length the identical authorities here relied upon, and announced a rule which we think is equally applicable to this case. It will therefore be unnecessary to repeat the discussion.

Appellant contends that because there was no negligence alleged or proven there was no basis for a judgment in favor of the appellees for damages. The appellees' right of recovery in this instance is founded upon the fact that their property has, in effect, been appropriated in part by the operation of the appellant's roundhouse. If in the lawful conduct of its business the railway company does something which impairs the value of adjacent property by interfering with its normal use and enjoyment by the owner, it imposes a burden differing in no material respect from an appropriation of the property itself.

The judgment of the district court is affirmed.